# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURK N. ASHFORD,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LEE MATTAR, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:23-cv-00340-RBM-JLB<br><br>**ORDER DENYING PLAINTIFF'S PETITION FOR RECONSIDERATION OF MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. 4] |

## I. INTRODUCTION

On February 21, 2023, Plaintiff Burk N. Ashford ("Plaintiff") filed a Petition for Writ of Mandamus Review from California Supreme Court Denial ("Petition"). (Doc. 1.) The caption of the Petition names as a Defendants "Lee Mattar aka Leroy Mattar, the Mattar Family Trust et al, & dba Lee's Automotive & Does 1-20..." (*Id.* at 1.[1]) However, the Petition appears to be an attempt to appeal or challenge a decision by the California Supreme Court regarding the timeliness of an appeal of a lower court's denial of a motion to strike an exhibit—an unpublished federal court decision. (*See id.* at 2–9.) Plaintiff's

---

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

1

underlying issue in the state court proceeding appears to be related to an opposing party submitting as an exhibit an unpublished federal court decision. (Doc. 1-2 at 9–10.)[2]

Plaintiff previously filed a Motion to Proceed In Forma Pauperis ("Initial IFP Motion"). (Doc. 2.) As explained in the Court's Order denying Plaintiff's Initial IFP Motion, the Initial IFP Motion indicated receipt of $ 1.24 a month in disability payments, a total average monthly income of $10,239.00, and average monthly expenses totaling $540.00. (Doc. 3 at 2 (citing Doc. 2 at 2).) The Order noted the Initial IFP Motion did not identify the source of his average monthly income, except for the $1.24 monthly disability payment. (*Id.* at 2.) The Court explained that without any further explanation, Plaintiff was not entitled to proceed IFP because based on the information he provided, his average monthly income exceeded his average monthly expenses by $ 9,699.00. (*Id.* at 3.) However, the Court granted Plaintiff leave to file a renewed IFP motion that sufficiently showed he was entitled to IFP status. (*Id.*)

Plaintiff has filed a Petition for Reconsideration of Motion to Proceed In Forma Pauperis ("Renewed IFP Motion") that, as explained below, the Court construes as a renewed request to proceed IFP. (Doc. 4.) For the reasons discussed below, Plaintiff's Renewed IFP Motion is **DENIED**.

## II. DISCUSSION

### A.   Legal Standard

As the Court explained in the prior Order, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of

---

[2] In determining whether Plaintiff has established he is financially unable to pay the filing fee, the Court has not specifically analyzed whether his request to proceed IFP could additionally be denied because his claims are frivolous or without merit. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.")

habeas corpus, must pay a filing fee of $402.[3]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to prepay the entire filing fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Under § 1915, a litigant who, because of indigency, is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment.  28 U.S.C. § 1915(a)(1).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  However, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, as public expense, … the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar."  *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D. R.I. 1984)).  The facts of an affidavit of poverty must be stated "with some particularity, definiteness and certainty."  *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).  The determination of indigency falls within the district court's discretion.  *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993).

**B.     Renewed IFP Motion**

Plaintiff's Renewed IFP Motion addresses the Court's Order denying his Initial IFP Motion.  It indicates he "has no idea where it is conceived that he receives $ 1.24 per month in disability payments or a total monthly income of $ 10,239.00" and "[t]here is obviously an error in the records entry or the interpretation."  (Doc. 4 at 2.)  Although this statement does not explain why his Initial IFP Motion explicitly stated his "Total monthly income" was "$ 10,239" (Doc. 2 at 2), when it apparently was not, the Court interprets this to mean

---

[3]  In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

Plaintiff erred in indicating his total monthly income was $ 10,239.  To the extent Plaintiff is asking the Court to reconsider the prior denial of IFP status, that request is denied because IFP was properly denied based on the information actually provided by Plaintiff in the Initial IFP Motion.  However, given the Court granted Plaintiff leave to file a *renewed* IFP motion and he has provided an updated application, the Court construes his Motion as a renewed request to proceed IFP and considers whether he should be permitted to proceed IFP.

The Renewed IFP Motion indicates Plaintiff receives $ 1,239 in total monthly income from social security benefits.  (Doc. 4 at 3–4.)  He indicates his total monthly expenses are either $ 583.00 or $ 588.00.  (Doc. 4 at 6–7 (expenses listed on IFP Application) Doc. 4 at 2 (expenses listed in Motion ($ 588).)  Plaintiff states that he has $203.00 in cash.  (*Id.* at 4.)  Plaintiff indicates he owns a 1996 Chevrolet with an unknown value and claims the State of California owes him $1,100.00 relating to litigation.  (*Id.* at 5.)  Plaintiff is currently unemployed and does not expect any major changes to his monthly income or expenses during the next twelve months.  (*Id.* at 4, 7.)

The Court finds Plaintiff's Renewed IFP Motion is insufficient to permit Plaintiff to proceed IFP.  *See Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right").  The Court recognizes that Plaintiff's income is not high.  However, the information he provides in his Renewed IFP Motion reflects that his monthly income exceeds his monthly expenses by at least $ 651.  (Doc. 4 at 2–4, 6–7 ($ 1239 income and $ 588 expenses).)  Assuming his own identification of his expenses is accurate,[4] he should be able to pay the filing fee without foregoing any necessities of life.  *See Escobedo*, 787 F.3d at 1234 ("An affidavit in support of an IFP application is sufficient

---

[4] The Court notes that while the income Plaintiff listed in his Initial IFP Motion was significantly different from the income reported in his Renewed IFP Motion, the expenses Plaintiff identified in his Initial IFP Motion and Renewed IFP Motion were very similar. (Doc. 2 at 4–5 (Initial $ 540); Doc. 4 at 6–7 (Renewed $ 583).)

where it alleges that the affiant cannot pay the court costs and still afford the necessities of life.").

### III.   CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Renewed IFP Motion (Doc. 4).  The case remains dismissed without prejudice.  To have the case reopened, **no later than January 5, 2024**, Plaintiff must pay the $402 filing fee required to commence this civil action.

**IT IS SO ORDERED.**

Dated:  November 22, 2023

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE